IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL HAMM, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
|   v. | : | NO. |
| | : | |
| HEALTHCARE REVENUE RECOVERY | : | |
| GROUP, LLC, et al., | : | |
|     Defendants | : | JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

Defendant HEALTHCARE REVENUE RECOVERY GROUP, LLC (hereinafter referred to as "HRRG"), by its undersigned counsel, hereby petitions this Court as follows, pursuant to 28 U.S.C. § 1441(b):

1.    HRRG is a defendant in an action pending in the Commonwealth of Pennsylvania, Court of Common Pleas of Bucks County, Civil Action – Law, No. 2011-07891 ("the State Court Action").  HRRG received a copy of the Complaint on or about November 1, 2011.  A true and correct copy of the Complaint in the State Court Action is attached hereto as Exhibit "A".

2.    Plaintiff in the State Court Action is Paul Hamm.  See Exhibit "A".

3.    Plaintiff's State Court Action alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

4.    The State Court Action involves a question of federal law.  Pursuant to 28 U.S.C. § 1441(b), "Any civil action of which the district court shall have original jurisdiction founded on a claim or right arising under . . . the laws of the United States shall be removable."

5.     Since this case arises out of an alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., this Court may properly remove the State Court Action based on 28 U.S.C. § 1441(b).

6.     This Notice has been filed with the Court within thirty (30) days after purported service of the Complaint on defendant HRRG.

WHEREFORE, defendant HEALTHCARE REVENUE RECOVERY GROUP, LLC prays that the State Court Action be removed from the Commonwealth of Pennsylvania, Court of Common Pleas of Bucks County, Civil Action – Law, No. 2011-07891, to this Court for proper and just determination.

FINEMAN KREKSTEIN & HARRIS, P.C.

By _____

RICHARD J. PERR, ESQUIRE (Pa 72883)
BNY Mellon Center
1735 Market Street, Suite 600
Philadelphia, PA  19103-7513
(v) 215-893-9300; (f) 215-893-8719
e-mail: rperr@finemanlawfirm.com
Attorneys for Defendant HRRG

Dated: _____November 30, 2011_____

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Paul Hamm                                           :
27 Delaware Rim Drive                               :
Yardley, PA 19067                                   :
                     Plaintiff          :
Vs.                                                 :
Healthcare Revenue Recovery Group, LLC              :
1900 Winston Road                                   :    2011-07891
Suite 300                                           :
Knoxville, TV  37919                                :
and                                                 :
John Does 1-10                                      :
and                                                 :    Jury Trial Demanded
XYZ Corporations                                    :
                   Defendant(s)       :

## NOTICE

YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU.  YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE DEFENDANT.  YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Legal Aid of Southeastern Pennsylvania for Bucks County
1290 Veterans Highway, Box 809, Bristol, PA 19007
215-781-1111

Bucks County Legal Aid Society
100 Union St, Doylestown, PA 18901
(215) 340-1818

Bucks County Bar Association
135 East State Street, PO Box 300, Doylestown, PA 18901
215-348-9413



Case Number: 2011-07891                              4
Receipt:  Z576763          Judge: 34
Code: 48                   Filing: 9662747
Patricia Baohlle - Bucks Co Prothonotary
B09         10/24/2011 10:27:01 AM

"A"

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Paul Hamm                                              :
27 Delaware Rim Drive                                  :
Yardley, PA 19067                                      :
                            Plaintiff   :
Vs.                                                    :
Healthcare Revenue Recovery Group, LLC                 :
1900 Winston Road                                      :    2011-07891
Suite 300                                              :
Knoxville, TV 37919                                    :
and                                                    :
John Does 1-10                                         :
and                                                    :    Jury Trial Demanded
XYZ Corporations                                       :
               Defendant(s)   :

## COMPLAINT

### INTRODUCTION

1.  This is a lawsuit for damages brought by an individual consumer for Defendant(s)'

    alleged violations of the Telephone Consumer Protection Act, 47 USC § 227 et. seq.

    (hereinafter "TCPA"), as well as for Defendant(s) alleged violations of the Fair Debt

    Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

3. Venue is proper in this jurisdiction because Defendant(s) regularly transact(s) business throughout this jurisdiction.

4. Defendant obtains the benefit(s) of regularly transacting business in this jurisdiction.

5. A substantially portion of the conduct complained of occurred in this jurisdiction.

## PARTIES

6.  All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

7.  Plaintiff is Paul Hamm, an adult individual with a current address of 27 Delaware Rim Drive, Yardley, PA 19067.

8.  Defendant is Healthcare Revenue Recovery Group, LLC, a business entity engaged in the practice of debt collection throughout the United States, with a business address including but not limited to 1900 Winston Road, Suite 300, Knoxville, TN 37919.

9.  Defendants may include John Does 1-10, persons whose names and identities are not known to Plaintiff at this time, or whose liability is not know, but which may become known to Plaintiff following discovery. It is believed and averred that such Does played a substantial role in the commission of the acts described in this Complaint.

10. Defendants may include X,Y,Z Corporations, business entities whose names and identities are not known to Plaintiff at this time, or whose liability is not know, but which may become known to Plaintiff following discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this Complaint.

## COUNT ONE:  VIOLATION OF THE TELEPHONE
## CONSUMER PROTECTION ACT (TCPA) 47 USC § 227 ET. SEQ.

11. The previous paragraphs are incorporated by reference and made a part of this complaint.

12. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227
    (TCPA), in response to a growing number of consumer complaints regarding certain
    telemarketing practices.

13. The TCPA regulates, among other things, the use of automated telephone equipment, or
    "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the
    use of autodialers to make any call to a wireless number in the absence of an emergency
    or the prior express consent of the called party.

14. 47 U.S.C. § 227(b) states in pertinent part:

> (b) Restrictions on use of automated telephone equipment
> (1) **Prohibitions**
> It shall be unlawful for any person within the United States, or
> any person outside the United States if the recipient is within
> the United States-
> (A) to make any call (other than a call made for emergency
> purposes or made with the prior express consent of the called
> party) using any automatic telephone dialing system or an
> artificial or prerecorded voice---
> ***
> (iii) to any telephone number assigned to a paging service,
> cellular telephone service, specialized mobile radio service, or
> other radio common carrier service, or any service for which
> the called party is charged for the call;

**(3) Private right of action**
A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State---
(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
(C) both such actions.
If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph
(B) of this paragraph.

15. On January 4, 2008, the FCC released a Declaratory Ruling confirming that autodialed and

prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are

permitted only if the calls are made with the "prior express consent" of the called party. *In*

*the Matter of Rules and Regulations Implementing the Telephone Consumer Protection*

*Act of* 1991 *("FCC Declaratory Ruling"),* 23 F.C.C.R. 559, 23 FCC Rcd. 559,43

Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

16. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the

wireless number was provided by the consumer to the creditor, and that such number was

provided during the transaction that resulted in the debt owed." *FCC Declaratory Ruling,* 23

F.C.C.R. at 564-65 (10).

17. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCP A, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of* 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

18. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See FCC Declaratory Ruling, 23* F.C.C.R. at 565 (10).

19. At all times relevant, Plaintiff was a "person" as defined by 47 U.S.C. § 153(10).

20. At a certain time, prior to 2011, Plaintiff engaged in a consumer credit transaction which was the subject of Defendant's collection activity.

21. Plaintiff's account went into collections, and the account was referred to Defendant(s) for the purpose of collection.

22. At no time did Plaintiff provide Defendant(s) with Plaintiff's cell phone number.

23. At no time did Plaintiff provide the original alleged creditor for the account that was the subject of Defendant's collection activity with Plaintiff's cell phone number.

24. Defendant contacted Plaintiff on Plaintiff's cellular telephone. Plaintiff received one or more calls from Defendant on Plaintiff's cellular phone.

25. It is believed and averred that one or more of the telephone calls by Defendant to Plaintiff on Plaintiff's cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

26. 47 U.S.C. § 227(b)(1)(A) defined an "automatic dialing system" as follows.

(a) Definitions
As used in this section -
(1) The term "automatic telephone dialing system" means equipment which has the capacity -
(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
(B) to dial such numbers.

27. It is believed and averred that one or more of the telephone calls placed by Defendant to Plaintiff's cellular telephone were made using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 et. seq.

28. Such automated calls were made by Defendant(s) to Plaintiff's cellular telephone service as defined in 47 U.S.C. § 227(b)(1)(A)(iii).

29. The complained of telephone calls did not constitute calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

30. During the transaction that resulted in the alleged debt owed, Plaintiff did not provide a wireless or cellular number to Defendant, nor otherwise provide express consent to receive automated calls by Defendant on Plaintiff's cellular telephone.

31. Plaintiff did not provide "express consent" allowing Defendant, or the original creditor to place telephone calls to Plaintiff's cellular phone utilizing an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

32. Plaintiff did not list a cellular phone number in or on any documents at any time during the transaction that resulted in the Purported Debt.

33. Plaintiff did not verbally provide Defendant(s), or any other party, with a cellular phone number at any time during the transaction that resulted in the Purported Debt, or thereafter.

34. Defendant's telephone calls to Plaintiff's cellular phone utilizing an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

35. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

36. On or about September 7, 2011, Plaintiff contacted Defendant by telephone because he was receiving telephone calls from Defendant on his cellular telephone.  During such conversation, Plaintiff specifically requested that Defendant stop all calls to his cell phone.

37. As of October 4, 2011, Defendant(s) did not cease telephone calls to Plaintiff's cellular telephone as requested by Plaintiff on September 7, 2011.

38. Between September 7, 2011 and October 4th, Plaintiff believes and avers that he received at least 3 telephone calls from Defendant on his cellular telephone.

39. There were probably more cell phone calls after September from Defendant(s), but Plaintiff was not able to document them all.

## COUNT TWO:  VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 USC 1692 f, et. seq.

40. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

41. Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

42. Defendant is a debt collector as defined by the FDCPA, 15 USC 1692 et. seq.

43. At all times mentioned herein, Defendant(s) was attempting to collect on an alleged consumer debt against Plaintiff.

44. 15 USC 1692 f of the FDCPA prohibits a debt collector from engaging in any unlawful, illegal or unconscionable collection activity while Defendant(s) was attempting to collect a consumer debt from Plaintiff.

45. By violating TCPA, Defendant(s) also violated 15 USC 1692 f, et, seq., by engaging in unlawful, illegal and unconscionable collection activity.

## COUNT THREE:  VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES

### ACT, 15 USC 1692 e, et. seq.

#### (False and Misleading Statements)

46. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

47. On or about October 4, 2011, Plaintiff contacted Defendant about the alleged account that Defendant had been calling plaintiff for on Plaintiff's cell phone.

48. During the conversation, Defendant(s) employee, agent or representative made the following materially false statements to Plaintiff.

    a.     That the account would remain on Plaintiff's credit report for more than 7 years if Plaintiff did not pay, and the account were reported on Plaintiff's credit report.

    b.     That if Plaintiff did not pay, he could be charged interest and penalties.

49. It is believed and averred that Defendant(s) state that the account would remain on Plaintiff's credit report for more than 7 years if Plaintiff did not pay, and the account were reported on Plaintiff's credit report was wholly false.

50. It is believed and averred that Defendant(s) state that if Plaintiff did not pay, he could be charged interest and penalties the account would remain on Plaintiff's credit report for more than 7 years if Plaintiff did not pay, and the account were reported on Plaintiff's credit report was wholly false.

51. One or both of the above statements were made with the intent to harass and intimate Plaintiff, and to coerce payment on the alleged account.

## LIABILITY

52. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

53. Defendant(s) is liable to Plaintiff(s) for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

54. In the alternative, Defendant is liable to Plaintiff(s) under the doctrine of negligent supervision.

55. In the alternative, Defendant is liable to Plaintiff(s) under the doctrine of the non-deligible duty.

56. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

57. Any mistake made by Defendant would have included a mistake of law.

58. Any mistake made by Defendant would not have been a reasonable bona fide mistake.

## DAMAGES

59. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

60. At least $1.00 actual damages, including but not limited to phone, fax, stationary, postage, etc.

61. Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory under the FDCPA 15 USC 1692k.

62. Plaintiff believes and avers that there were at least 5 separate automated telephone calls from Defendant(s) to Plaintiff's cell phone.

63. Plaintiff believes and avers that at least two of the automated calls to his cell phone were made by Defendants(s) after Plaintiff contacted Defendant and told Defendant(s) not to call his cell phone.

64. Plaintiff believes and avers that he is entitled to $1,500.00 for each intentional call, for a total of no less than $3,000.00.

65. Plaintiff suffered emotional distress with a Dollar value to be proven at trial.

66. For purposes of a default judgment, Plaintiff believes and avers that the dollar value of his stress is worth no less than $3,000.00.

## ATTORNEY FEES

67. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

68. Plaintiff is entitled to reasonable attorney fees in this matter at a rate of no less than $350 per hour, or other rate that this Honorable Court deems just and fare, pursuant the fee shifting provision of TCPA and FDCPA.

69. Plaintiff's attorney fees of $1,400.00 at a rate of $350.00 per hour, are enumerated below.

| | | |
|---|---|---|
| a. | Consultation with client | 1 |
| b. | Drafting, editing, review, filing and serving complaint and related documents | 1 |
| c. | Follow up With Defense | 2 |

4  x $350 = $1,400

70. Plaintiff's attorney fees continue to accrue as the case move forward.

71. The above stated attorney fees include prosecution of this complaint to the date of the instant filing and reasonable follow up.

## OTHER RELIEF

72. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

73. Plaintiff seeks injunctive relief barring further unlawful collection activity.

74. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

75. Plaintiff requests a jury trial in this matter.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $8,401.00.

$1.00 actual damages more or less for postage, stationary , fax, etc.

$1,000.00 statutory damages under the FDCPA

$3,000 statutory damages under TCPA

$3,000 emotional distress

$1,400.00 attorney fees

_____

$8,401.00

Plaintiff seeks such other relief as the Court deems just and fair.

_Vicki Piontek_                    10/19/2011
Vicki Piontek, Esquire            Date
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
717-533-7472
Fax: 866-408-6735
palaw@justice.com

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Paul Hamm                                                       :
27 Delaware Rim Drive                                          :
Yardley, PA 19067                                             :
                                    Plaintiff                 :
                                                             :
Vs.                                                          :
Healthcare Revenue Recovery Group, LLC                        :
1900 Winston Road                                            :
Suite 300                                                    :
Knoxville, TV 37919                                          :
and                                                         :
John Does 1-10                                               :
and                                                         :
XYZ Corporations                                             :        Jury Trial Demanded
                                    Defendant(s)             :

## VERIFICATION

I, Paul Hamm, have read the attached complaint. The facts stated in the complaint are true and accurate to the best of my knowledge, understanding and belief.


_____     _a/7/11_
Paul Hamm                      Date

# CERTIFICATE OF SERVICE

I, RICHARD J. PERR, ESQUIRE, hereby certify that on or about this date, I served a true and correct copy of the foregoing electronically or by first class mail, postage prepaid, or telecopy on the following:

> Vicki A. Piontek, Esquire
> Piontek Law Office
> 951 Allentown Road
> Lansdale, PA 19446
> (v) 877-737-8617; 717-533-7472; (f) 866-408-6735
> vicki.lawyer@gmail.com; palaw@justice.com
>     Attorneys for Plaintiff

> Prothonotary of Bucks County
> Bucks County Court of Common Pleas
> Bucks County Courthouse
> Doylestown, PA 18901

RICHARD J. PERR, ESQUIRE

Dated: _____November 30, 2011_____